McBREEN & KOPKO
Kenneth A. Reynolds (KR3808)
Attorneys for Debtor
500 N. Broadway, Suite 129
Jericho, New York 11753
(516) 364-1095

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re:

                                                            Chapter 13
        GEORGE R. ORANTES,                     Case No.: 16-75514 (REG)

                              Debtors.
--------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO MOTION TO DISMISS**

KENNETH A. REYNOLDS, the undersigned, an attorney duly admitted to practice before this Court, affirms the following to be true under penalty of perjury:

1. I am a Partner of McBreen & Kopko, attorneys for the above captioned Debtors, and am familiar with the facts and circumstances of this case.

2. I make this affirmation in opposition to the Chapter 13 Trustee's Motion to Dismiss.

3. The Debtor filed his petition under Chapter 13 on November 28, 2016.

4. The Trustee's Motion to Dismiss is premised upon the Debtor's failure to provide the Trustee with: copies of 2015 State and Federal Tax Returns; written appraisal for all three (3) properties; list of business assets and their fair market value including aging accounts receivable; operating reports with bank statements attached and proof of tax deposits; an amended Chapter Plan to pay liquidation amount; written assignment of debtor's personal litigation/insurance action acknowledged by an attorney; utility bills for the month of December including gas/oil, water, telephone, and cable; 2012 through 2015 tax transcripts; bank statements from Chase account 8689 from May 1, 2016 through October 20,

2016 all pages and November 19, 2016 through November 30, 2016 all pages; bank statements from Capital One account 7698 from May 1, 2016 through October 19, 2016 all pages; bank statements from Citibank account 8431 from May 1, 2016 through May 2, 2016 all pages; bank statements from Capital One account 4685 from May 1, 2016 through July 20, 2016 all pages; bank statements from all other accounts including wife's Chase account from May 1, 2016 through November 30, 2016 all pages; proof of post-petition mortgage payments being made on all three (3) properties; proof of monthly segregation of income taxes into a separate account; explanation of where income is deposited; explanation of calculation of CMI on means test; and partial review of bank statements show more money than means test.

      5.     The Debtor asserts the following in response to the Trustee's requests:

a) 2015 Federal and State tax returns have been annexed hereto as **Exhibit "1"**

b) Written appraisals have been provided herewith as **Exhibit "2"** pertaining to Debtor's property located at 37 Burrs Lane, Dix Hills, New York and property located in El Salvador. With respect to the property located at 35 Seaview Drive, Daly City, CA, an appraiser was denied access to the premises for purposes of conducting a fair market value appraisal. However, the Debtor was able to obtain a broker's price opinion and comparative market valuation for the property which has also been annexed hereto as **Exhibit "3"** which also contained language:

> "Thank you for your email and for giving me the opportunity to send you a list of properties that sold recently in and around 35 Seaview Drive, Daly City. Please find the property information attached. As per your request, I have performed a comparative market analysis, (CMA), to help you estimate the value of the property located at 35 Seaview Drive, Daly City, as of 6 September 2016. I have provided 7 comparative sales, all of which meet the following criteria; 3 and 4 Bedrooms, 2 and 3 Bathrooms, within 2 miles of the subject property and closed escrow between 22 June 2015 and 12 August 2016. Based on the comparable sales in the area the subject properties fair market value as of 6 September 2016 is approximately $975,000-$1,050,000, (property has been viewed by Broker)".

c) List of business assets and their fair market value is annexed hereto as **Exhibit "4"**. The Debtor has confirmed that his business has no outstanding accounts receivable.

d) Annexed hereto please find Debtor's business operating statements for November, 2016 and December, 2016 as **Exhibit "5"**.

e) Assignment of Debtor's insurance action has been annexed hereto as **Exhibit "6"**.

f) All utility bills for December, 2016 have been annexed hereto as **Exhibit "7"**.

g) Annexed hereto as **Exhibit "8"** is the proof of tax transcript request via mail. The Debtor was unsuccessful in obtaining the tax transcripts via the IRS website. Additionally, the Debtor does not have transcripts for 2012 and 2013 because he was unable to work and was collecting worker's compensation for an injury sustained while working.

h) Debtor does not segregate income taxes into separate account. Debtor's business and personal accounts are one in the same, as he is a sole proprietor. The Debtor has been advised to open separate accounts for his business.

i) There is no mortgage on the property located in El Salvador; therefore the Debtor does not have proof of any mortgage payments. In addition, the Debtor has not made post-petition mortgage payments on the property located in Dix Hills. When recoveries come in on Debtor's partition action and insurance damage claim he will be in position to cure all mortgage payments and arrears. Attached hereto as **Exhibit "9"** are the statements containing post-petition mortgage payments pertaining to the Daly City property, which are made by Karla Ramirez.

j) Annexed hereto as **Exhibit "10"** are bank statements for the following accounts:
   1) Chase Account 8689
   2) Capital One Account 7698

   With respect to Citibank Account 8431, there are no additional bank statements for May 1-2, 2016 as the account was opened on May 2, 2016; and with respect to Capital One Account 4685, the account was only opened as of July 21, 2016, there are no statements for May 1, 2016 through July 20, 2016.

k) Debtor's wife's bank statements for May, 2016 through November, 2016 annexed hereto as **Exhibit "11"**.

l) Most of Debtor's income is deposited into Debtor's Chase (8689) account however, sometimes Debtor deposits into his Capital One (7698) account.

m) The CMI as currently reported in Debtor's means test is derived from the Debtor's business P&L statements previously provided. The Debtor has since revised his P&L

      statements to evaluate business expenses not previously accounted for, they are annexed hereto as **Exhibit "12"** however, upon further review of the bank statements, the Debtor advises the following:

        1) In May, 2016 an insurance check concerning the damage to his residence was deposited in the approximate amount of $13,345.00 (see, **Exhibit "13"** annexed hereto) into Bank of America. Those funds were dispersed among his accounts to pay repairs to the house. Many of the cash deposits into his Chase account were withdrawn from Bank of America and re-deposited to pay bills.

        2) The Debtor also received an insurance check from Geico for a car accident he sustained in which his car was totaled in the amount of $3,828.82 in November, 2016 (see, **Exhibit "14"**).

        3) Additionally, the Debtor bought and sold items through the business which he utilized a PayPal account and transferred funds to his Chase account (see PayPal statements for May 1, 2016 through October 31, 2016 annexed hereto as **Exhibit "15")**.

        4) The Debtor also advised that he had a tenant renting part of his residence during May through October, 2016 for $1,360.00 per month (see, **Exhibit "16"**). The tenant is no longer residing in his house and was not residing or paying rent on the Filing Date.

n) An amended means test has been annexed hereto as **Exhibit "17"**.

o) Copy of January 28th plan payment is annexed hereto as **Exhibit "18"**.

p) Debtor's Amended Chapter 13 Plan has been annexed hereto as **Exhibit "19"** and is being filed with the Court contemporaneously herewith.

      **WHEREFORE**, based upon the foregoing, your affirmant respectfully requests that the Court deny the Trustee's motion to dismiss and grant an adjournment of the confirmation hearing.

Dated: Jericho, New York
      February 16, 2017         McBREEN & KOPKO
                                  Attorneys for Debtor

                          By:    */s/ Kenneth A. Reynolds*
                                 Kenneth A. Reynolds, Esq. (KR3808)
                                 500 N. Broadway, Suite 129
                                 Jericho, New York 11753
                                 (516) 364-1095