UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

George R. Orantes aka Jorge R. Orantes

            Debtor.

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 16-75514-reg
(Chapter 13)

Assigned to:
Hon. Robert E. Grossman
Bankruptcy Judge

    Please take notice that Nationstar Mortgage LLC, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on July 10, 2017 at 9:30am or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, NY 11722 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C §1322(b)(5) terminating the automatic stay as to movant's interest in real property commonly known as 37 Burrs Lane, Dix Hills, NY 11746 and pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor, and for such other relief as the Court may deem proper.

    **PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   May 2, 2017
             Williamsville, New York

Yours,

By: *[signature]*
Ehret A. VanHorn, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Nationstar Mortgage LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700

TO:

| | |
|---|---|
| George R. Orantes<br>37 Burrs Lane<br>Dix Hills, NY 11746 | Debtor |
| Eileen Orantes<br>37 Burrs Lane<br>Dix Hills, NY 11746 | Co-Debtor |
| Kenneth A. Reynolds, Esq.<br>McBreen & Kopko<br>500 North Broadway, Suite 129<br>Jericho, NY 11753 | Attorney for Debtor |
| Michael J. Macco, Esq.<br>2950 Express Drive South, Suite 109<br>Islandia, NY 11749 | Chapter 13 Trustee |
| United States Trustee<br>Long Island Federal Courthouse<br>560 Federal Plaza - Room 560<br>Central Islip, NY 11722-4437 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br><br>George R. Orantes aka Jorge R. Orantes<br>　　　　Debtor. | **AFFIRMATION**<br><br>Case No.: 16-75514-reg<br>(Chapter 13)<br><br>Assigned to:<br>Hon Robert E. Grossman<br>Bankruptcy Judge |

I, Ehret A. VanHorn, Esq. am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Eastern District of New York and hereby state as follows:

1.　　I submit the within Affirmation under penalty of perjury in support of the motion of Nationstar Mortgage LLC ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 37 Burrs Lane, Dix Hills, NY 11746.

2.　　Secured Creditor is the holder of a note executed by George R. Orantes on or about the 6th day of November, 2003 in the principal amount of $300,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Suffolk County Clerk on the 6th day of February, 2004 in Liber M00020646 of Mortgages at Page 293 (the "Mortgage") covering the premises commonly known as 37 Burrs Lane, Dix Hills, NY 11746 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment is annexed hereto as **Exhibit 'A'**. .

3.　　On the 28th day of November, 2016 Debtor George R. Orantes aka Jorge R. Orantes filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4.The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of March 30, 2017, the Debtor is due for 4 payments in the amount of $3,264.54 each for the months of December 12, 2016 to March 12, 2017 and has not cured said default. Furthermore, 1 payment due on April 12, 2017 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet as well as a Supplemental Declaration in Support of Motion for Relief from Stay is attached hereto as **Exhibit 'B'**.

5.As of the 30th day of March, 2017 there is a total indebtedness on the Note and Mortgage in the sum of $469,241.95. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6.Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, and itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

7.Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $463,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

8.There exists a co-obligor named Eileen Orantes on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor. In support of said request, it is respectfully submitted that the co-obligor received consideration for the claim held by the secured creditor at least in the form of money loaned by the Secured Creditor. Furthermore, it is respectfully submitted that the continuation of the co-debtor stay would irreparably harm the Secured Creditor in the absence of post-petition mortgage payments.

9. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Secured Creditor. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y. 1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

10. Secured Creditor has standing to seek relief from the automatic stay as demonstrated by a judgment of foreclosure and sale entered in its favor by the state court prior to the filing of the Bankruptcy, a copy of which is attached hereto as **Exhibit 'D'**. The judgment of foreclosure and sale is a final adjudication as to Secured Creditor's status as a secured creditor and therefore the *Rooker-Feldman* doctrine prohibits the Court from looking beyond the judgment to determine standing. Under the doctrines of *Rooker-Feldman* and *res judicata* the Court must accept the state court judgment of foreclosure and sale as evidence of Secured Creditor's status as a creditor with a lien secured by the Mortgaged Premises.

11. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'E'**.

12. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:   May 2, 2017
            Williamsville, New York

Yours,

By: _/s/ Ehret A. VanHorn_
Ehret A. VanHorn, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Nationstar Mortgage LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700